FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 12, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GABRIEL B., | No. 4:23-CV-5058-ACE |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO REVERSE THE DECISION OF THE COMMISSIONER |
| v. | |
| MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY, | ECF Nos. 11, 15 |
| Defendant. | |

**BEFORE THE COURT** is Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF Nos. 11, 15. Attorney Chad Hatfield represents Gabriel B. (Plaintiff); Special Assistant United States Attorney Sarah Moum represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's motion to reverse the decision of the Commissioner, **DENIES** Defendant's motion to affirm, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

//
//

ORDER GRANTING PLAINTIFF'S MOTION - 1

## JURISDICTION

Plaintiff filed applications for benefits on December 14, 2017, alleging disability since February 1, 2017. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Mark Kim held a hearing on February 12, 2020, and issued an unfavorable decision on March 2, 2020. Tr. 15-24. The Appeals Council denied review on August 3, 2020. Tr. 1-6. This Court subsequently remanded the matter on January 24, 2022. Tr. 486-88. The ALJ held a second hearing on January 10, 2023, and issued an unfavorable decision on March 16, 2023. Tr. 389-405. Plaintiff appealed this final decision of the Commissioner on April 25, 2023. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230

(9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On March 16, 2023, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 389-405.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 1, 2017, the alleged onset date. Tr. 392.

At step two, the ALJ determined Plaintiff had the following severe impairments: psychotic disorder; major depressive disorder; and generalized anxiety disorder. Tr. 392.

At step three, the ALJ found these impairments did not meet or equal the requirements of a listed impairment. Tr. 394.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform a full range of work at all exertional levels but with the following nonexertional limitations: he can perform simple, routine tasks with a Specific Vocational Preparation of 2 or less involving only occasional and simple changes in a work setting; and he can perform work involving no interaction with the public and only occasional and superficial interaction with co-workers. Tr. 397.

At step four, the ALJ found Plaintiff capable of performing past relevant work as a concrete laborer. Tr. 403.

Alternatively, at step five, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, to include laundry sorter, collator operator, and office cleaner. Tr. 404.

The ALJ thus concluded Plaintiff has not been disabled since the alleged onset date. Tr. 405.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ properly evaluated the medical opinion evidence; (B) whether the ALJ properly evaluated Plaintiff's subjective complaints; (C) whether the ALJ erred at step three; and (D) whether the ALJ erred at steps four and five. ECF No. 11 at 6.

## DISCUSSION

**A. Medical Opinions**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be

supported by substantial evidence.  *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff argues the ALJ misevaluated four medical opinions.  ECF No. 11 at 9-17.  The Court addresses each in turn.

**1.  N.K. Marks, Ph.D.**

Dr. Marks examined Plaintiff on November 26, 2018, conducting a clinical interview and performing a mental status evaluation.  Tr. 317-22.  Dr. Marks assessed the severity of Plaintiff's mental health impairments as "marked" and opined, among other things, Plaintiff was severely limited in performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances without special supervision, making simple work-related decisions, and setting realistic goals and planning independently; and markedly limited in, among other things, completing a normal work day and work week without interruptions from psychologically-based symptoms.  Tr. 320.  The ALJ found this opinion unpersuasive.  Tr. 402.

The ALJ first discounted the opinion on the ground "it appears to be based largely on the claimant's subjective complaints and his reported history of uncontrolled symptomology."  Tr. 402.  On this record, the ALJ erred by discounting the doctor's opinion on this ground.  *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) ("The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology.  Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields.  Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient.  But such is the nature of psychiatry.  Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness.") (cleaned up); *Lebus v. Harris*, 526 F. Supp. 56, 60 (N.D. Cal. 1981) ("Courts have recognized that a psychiatric impairment is not as readily amenable

to substantiation by objective laboratory testing as is a medical impairment and that consequently, the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine. In general, mental disorders cannot be ascertained and verified as are most physical illnesses, for the mind cannot be probed by mechanical devises in order to obtain objective clinical manifestations of mental illness."). The record indicates the doctor's opinion was based on clinical observations and does not indicate the doctor found Plaintiff to be untruthful. Therefore, this is no evidentiary basis for rejecting the opinion. *Cf. Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–200 (9th Cir. 2008) (noting an ALJ does not validly reject a doctor's opinion "by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"). The ALJ thus erred by discounting the doctor's opinion on this ground.

The ALJ next discounted the opinion on the ground the doctor's "own isolated mental status examination does not support such severe limitations because he was cooperative with good eye contact despite being guarded, quiet, and perceived as naïve." Tr. 402. These are not reasonable inconsistencies. Plaintiff's performance during his clinical interview with Dr. Marks – conducted in a close and sterile setting with a psychiatric professional – is not reasonably inconsistent with the doctor's opined limitations concerning Plaintiff's ability to, among other things, maintain regular attendance and complete a normal work day and work week without interruptions from psychologically-based symptoms. *Cf. Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (rather than merely stating their conclusions, ALJs "must set forth [their] own interpretations and explain why they, rather than the doctors', are correct") (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). The ALJ thus erred by discounting the opinion on this ground.

Finally, the ALJ discounted the opinion as inconsistent with Plaintiff's "reports of doing well on medications, his repeatedly refilled medication regimen, his ability to live independently, his ability to manage his appointments and medication, his ability to take public transportation, and his ability to interact with family and neighbors appropriately." Tr. 402. This finding is erroneous for two reasons. First, the ALJ did not cite to any evidence in support of this finding. An ALJ's rejection of a clinician's opinion on the ground that it is contrary to unspecified evidence in the record, as here, is "broad and vague," and fails "to specify why the ALJ felt the [clinician's] opinion was flawed." *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). It is not the job of the reviewing court to comb the administrative record to find specific conflicts. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). Second, this finding is substantially similar to the finding that the ALJ previously made in the first decision and that the Appeals Council explicitly rejected as unsupported. *See* Tr. 22 (ALJ's evaluation of the opinion of Dr. Marks); Tr. 497-98 (Appeals Council vacating the ALJ's rejection of the opinions of Dr. Marks and ARNP Pitts, specifically noting "[a] review of both opinions show that their evaluation notes supported them"). By issuing a substantially similar finding, the ALJ contravened the clear mandate of the Appeals Council. The Court's review of this already-rejected reason is therefore precluded by the doctrine of the law of the case. *See Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). The ALJ thus erred by discounting the doctor's opinion on this ground.

The ALJ accordingly erred by discounting the doctor's opinion.

**2. Daniel Pitts, ARNP.**

ARNP Pitts, Plaintiff's treating mental health provider, prepared a mental residual functional assessment on February 3, 2020, wherein he assessed, among other things, a series of severe and marked limitations and opined Plaintiff would be off-task over 30% of the time and would miss at least 4 days per month if

ORDER GRANTING PLAINTIFF'S MOTION - 7

attempting to work a 40-hour workweek. Tr. 382-85. The ALJ found this opinion unpersuasive. Tr. 401.

The ALJ first discounted the opinion as inconsistent with the clinician's treatment notes, specifically indicating, among other things, Plaintiff "was observed to be calm, pleasant, and cooperative with good eye contact." Tr. 401. These are not reasonable inconsistencies. Plaintiff's demeanor and eye contact are not reasonably inconsistent with the clinician's opined limitations concerning, among other things, Plaintiff's absenteeism. Further, this finding directly contravenes the conclusion of the Appeals Council, which, as noted above, determined that the clinician's treatment notes supported his opinion. *See* Tr. 498. The ALJ thus erred by discounting the opinion on this ground.

The ALJ also discounted the opinion as inconsistent with Plaintiff's "reports of doing well on medications, his repeatedly refilled medication regimen, his ability to live independently, his ability to manage his appointments and medication, his ability to take public transportation, and his ability to interact with family and neighbors appropriately." This mirrors one of the grounds used to discount the opinion Dr. Morgan, as discussed above. This rescript similarly does not withstand scrutiny. As with Dr. Marks, the ALJ failed to cite any evidence in support of this finding. Further, as noted above, the Appeals Council explicitly rejected a substantially similar finding as unsupported. The Court's review of this already-rejected reason is therefore precluded by the doctrine of the law of the case. The ALJ thus erred by discounting the opinion on this ground.

The ALJ accordingly erred by discounting the opinion of ARNP Pitts.

**3. David Morgan, Ph.D.**

Dr. Morgan examined Plaintiff on February 27, 2020, conducting a clinical interview and performing a mental status evaluation. Tr. 741-46. Dr. Morgan assessed the severity of Plaintiff's mental health impairments as "marked" and opined, among other things, Plaintiff was markedly limited in performing activities

1 within a schedule, maintaining regular attendance, being punctual within
2 customary tolerances without special supervision, learning new tasks, performing
3 routine tasks without special supervision, adapting to changes in a routine work
4 setting, being aware of normal hazards and taking appropriate precautions, asking
5 simple questions or requesting assistance, communicating and performing
6 effectively in a work setting, maintaining appropriate behavior in a work setting,
7 completing a normal work day and work week without interruptions from
8 psychologically-based symptoms, and setting realistic goals and planning
9 independently.  Tr. 744.  The ALJ found this opinion unpersuasive.  Tr. 402.

10 The ALJ first discounted the opinion as inconsistent with the doctor's
11 assessment that Plaintiff's "fund of knowledge, abstract thoughts, insight,
12 judgment, presentation, speech, behavior, and thoughts" was "within normal
13 limits." Tr. 402.  These are not reasonable inconsistencies, as they neither are
14 reasonably related to nor sufficiently undermine the doctor's opined limitations
15 concerning, among other things, Plaintiff's absenteeism.  The ALJ thus erred by
16 discounting the opinion on this ground.

17 The ALJ also discounted the opinion as inconsistent with Plaintiff's
18 "reported response to medications, his ability to manage his medications and
19 appointments, his ability to live independently, his ability to take public
20 transportation, and his generally intact activities of daily living." Tr. 402.  This,
21 too, is a rescript of findings addressed above.  As with Dr. Marks and ARNP Pitts,
22 the ALJ failed to cite any evidence in support of this finding.  As noted, the
23 Appeals Council rejected a substantially similar finding as unsupported.  Although
24 the Appeals Council's order referred only to the opinions of Dr. Marks and ARNP
25 Pitts, the Court, on its own view of the record, concludes the reasoning behind the
26 Appeals Council's vacatur of the ALJ's rejection of those two opinions applies
27 with equal force to the ALJ's rejection of Dr. Morgan's opinion.  Further, as
28 described in more detail below, Plaintiff's minimal activities do not sufficiently

ORDER GRANTING PLAINTIFF'S MOTION - 9

undermine the doctor's opinion. The ALJ thus erred by discounting the doctor's opinion on this ground.

The ALJ accordingly erred by discounting Dr. Morgan's opinion.

**4. Ioly Tabitha Lewis, PMHNP.**

PMHNP Lewis examined Plaintiff on August 15, 2021, conducting a clinical interview and performing a mental status evaluation. Tr. 786-92. PMHNP Lewis assessed Plaintiff's ability to manage funds as poor; ability to understand, remember and carry out simple instructions as fair; ability to understand, remember and carry out simple complex as fair; ability to sustain concentration and persist in work-related activity at a reasonable pace, including regular attendance at work and completing work without interruption, as poor; and ability to interact with coworkers and superiors and the public and adapt to the usual stresses encountered in the workplace as fair. Tr. 792.

The ALJ found this opinion "partially persuasive as the severity of some limitations are not supported by the evaluator's own finding or relevant evidence of record. More specifically, no abnormalities were observed in his thoughts, presentation, or ability to interact with the clinician appropriately but some deficits were observed in his memory and concentration." Tr. 403. The ALJ noted "[s]uch significant limitations are not consistent with other evidence of record because on most all exams, his attention span and concentration were appropriate and/or within normal limits on most all instances" and Plaintiff "tracked the conversation and answered questions appropriately." Tr. 403. These are not reasonable inconsistencies, as they neither reasonably relate nor sufficiently undermine the clinician's opined limitations concerning Plaintiff's ability to, among other things, maintain regular attendance at work. The ALJ thus erred by discounting the opinion on this ground.

The ALJ also discounted the opinion as inconsistent with Plaintiff's "reported response to medications, his ability to manage his medications and

ORDER GRANTING PLAINTIFF'S MOTION - 10

appointments, his ability to live independently, his ability to take public transportation, and his generally intact activities of daily living." Tr. 403.  This, too, is a rescript of findings addressed above.  As with Dr. Marks, ARNP Pitts, and Dr. Morgan, the ALJ failed to cite any evidence in support of this finding.  As noted above, although the Appeals Council's order referred only to the opinions of Dr. Marks and ARNP Pitts, the Court, on its own view of the record, concludes the reasoning behind the Appeals Council's vacatur of the ALJ's rejection of those two opinions also applies with equal force to the ALJ's rejection of PMHNP Lewis's opinion.  Further, as described in more detail below, Plaintiff's minimal activities do not sufficiently undermine the clinician's opinion.  The ALJ thus erred by discounting the opinion on this ground.

The ALJ accordingly erred by discounting the opinion of PMHNP Lewis.

**B.     Subjective Complaints**

Plaintiff contends the ALJ erred by not properly assessing Plaintiff's symptom complaints.  ECF No. 13 at 4-13.  Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence.  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  The Court concludes the ALJ failed to offer clear and convincing reasons to discount Plaintiff's testimony.

The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence.  Tr. 399-400.  However, because the ALJ erred by discounting four medical opinions, and necessarily failed to properly evaluate the medical evidence, as discussed above, this is not a valid ground to discount Plaintiff's testimony.

1   The ALJ next discounted Plaintiff's testimony as inconsistent with his
2   activities. In support, the ALJ noted Plaintiff, among other minimal activities,
3   "shopped in stores for necessities," "could manage his bills and count change," and
4   "did his own cleaning, cooking, and chores." Tr. 400. Plaintiff's activities are
5   neither inconsistent with nor a valid reason to discount his allegations. *See*
6   *Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking
7   simple meals, self-grooming, paying bills, writing checks, and caring for a cat in
8   one's own home, as well as occasional shopping outside the home, are not similar
9   to typical work responsibilities."); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th
10  Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has
11  carried on certain daily activities, such as grocery shopping, driving a car, or
12  limited walking for exercise, does not in any way detract from her credibility as to
13  her overall disability. One does not need to be 'utterly incapacitated' in order to be
14  disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Reddick*,
15  157 F.3d at 722 ("Several courts, including this one, have recognized that disability
16  claimants should not be penalized for attempting to lead normal lives in the face of
17  their limitations."); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting
18  that a disability claimant need not "vegetate in a dark room" in order to be deemed
19  eligible for benefits). Similarly, Plaintiff's activities do not "meet the threshold for
20  transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing
21  *Fair*, 885 F.2d at 603). The ALJ accordingly erred by discounting Plaintiff's
22  testimony on this ground.
23  Finally, the ALJ discounted Plaintiff's testimony on the ground "there is
24  evidence that the claimant stopped working or did not return to the work force for
25  reasons not related to his allegedly disabling impairment." Tr. 401. This was
26  erroneous for two reasons. First, although the ALJ cited to one page of one exhibit
27  and a separate entire exhibit, the ALJ failed to articulate how these records
28  substantiate this finding or otherwise give context to these portions of the record.

ORDER GRANTING PLAINTIFF'S MOTION - 12

While the Commissioner attempts to expand on these unelaborated citations, *see* ECF No. 15 at 6-7, the Court may only review the ALJ's decision "based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) (citations omitted). Second, "one weak reason" – even if supported by substantial evidence – "is insufficient to meet the 'specific, clear and convincing' standard" for rejecting a claimant's testimony. *Burrell*, 775 F.3d at 1140 (quoting *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 416.920(a)). The ALJ accordingly erred by discounting Plaintiff's testimony on this ground.

The ALJ accordingly erred by discounting Plaintiff's testimony.

### SCOPE OF REMAND

This case must be remanded because the ALJ harmfully misevaluated the medical evidence and Plaintiff's testimony. Plaintiff contends the Court should remand for an immediate award of benefits. ECF No. 11 at 21-22. Such a remand should be granted only in a rare case and this is not such a case. The medical opinions and Plaintiff's testimony must be reweighed and this is a function the Court cannot perform in the first instance on appeal. Further proceedings are thus not only helpful but necessary. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

Because the ALJ misevaluated the medical evidence and Plaintiff's testimony, the ALJ will necessarily need to reassess Plaintiff's impairments at step three and determine whether the RFC needs to be adjusted. For this reason, the Court need not reach Plaintiff's remaining assignments of error. *See PDK Labs. Inc. v. DEA,* 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide

more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

On remand, the ALJ shall reevaluate the opinions of Drs. Marks and Morgan, ARNP Pitts, and PMHNP Lewis, reassess Plaintiff's testimony, develop the record and redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).  Therefore, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion to reverse, **ECF No. 11**, is **GRANTED**.
2. Defendant's motion to affirm, **ECF No. 15**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED February 12, 2024.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION - 14